## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACTIFIO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| RUBRIK, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Actifio, Inc. ("Actifio"), for its Complaint against Defendant Rubrik, Inc. ("Rubrik"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

2.      Rubrik has infringed, continues to infringe, contributes to the infringement of, and induces the infringement by others of at least one claim of each of U.S. Patent Nos. 6,732,244 ("the '244 patent"), 6,959,369 ("the '369 patent"), 9,495,435 ("the '435 patent"), and 10,013,313 ("the '313 patent") (collectively, the "Asserted Patents" or the "Patents-in-Suit").

3.      Actifio seeks damages and an injunction enjoining Rubrik's unlawful infringement of Actifio's intellectual property.

## THE CONTROVERSY

4.      Actifio brings this action to prevent Rubrik's continued misappropriation and use of Actifio's patented inventions, to compensate Actifio for Rubrik's past and repeated acts of

infringement, and to prevent Rubrik from continuing to harm Actifio by competing against Actifio using Actifio's own patented inventions.

5.      Actifio was founded in 2009 by Ash Ashutosh and David Chang.  Mr. Ashutosh and Mr. Chang are successful entrepreneurs who previously co-founded other companies, including AppIQ in 2001, which was acquired by Hewlett-Packard in 2005.  They again joined together in 2009 to found Actifio.

6.      Under Mr. Ashutosh's and Mr. Chang's leadership, Actifio invented a whole new field of data management: "copy data management."  Copy data management addresses the problems associated with proliferating copies of data that are generated for a wide variety of purposes, by a variety of applications, using a combination of data management and storage technologies, including data virtualization.

7.      Conventional techniques used a collection of applications for various data management functions such as backup of data, replicating data to a remote location (for disaster recovery purposes), and data archiving (for long term use), with each application "managing the different parts of the lifecycle."  '435 patent at 5:40-44.

8.      Rather than managing each copy of the data independently through different hardware and software, Actifio's copy data management solution brought a unified, streamlined, and highly-space and cost efficient approach to data management.  Actifio's approach uses a "single [golden] master copy of the application data," from which "each data management function may make additional copies as needed."  *Id.* at 6:43-54.

9.      Actifio pioneered the technology that combined the benefits of a single data management software across the entire lifecycle of application data with the instant access and standard interface of a storage system.

10.     Actifio's pioneering and innovative technology enables its customers to instantaneously create, access, and manage copy data instead of needing an array of proprietary software and a vast assortment of storage hardware to manage copy data.

11.     Actifio's innovation has garnered many accolades.  For example, Actifio has been recognized by Forbes magazine as one of the top 50 "most promising companies" in the United States; *CRN* recognized Actifio as one of the "20 Coolest Cloud Software Vendors"; *TechTarget* recognized Actifio as one of the "Top 20 Cloud Backup Services" in 2019; *Solutions Review* recognized Actifio in "Best of Backup and Disaster Recovery Solutions" for both 2018 and 2019; and *Enterprise Solution* recognized Actifio as one of the "20 Top Enterprise Data Storage Vendors" in 2018.

12.     The United States Patent and Trademark Office has awarded Actifio more than 57 United States patents since Actifio's founding in 2009.  Actifio also acquired two patents from its longtime business partner, IBM Corporation, which describe and claim techniques to make and quickly recover virtual copies of data, and are fundamental to copy data management in present-day computing systems.

13.     While Actifio spent many years developing the technologies that unleashed the entire copy data management space, Rubrik took a decidedly different tack.  Rather than invest the time and expense of developing its own technologies, Rubrik used Actifio's pioneering technologies as a shortcut to success in the copy data management space, and gained market share at Actifio's expense.  Recent announcements by Rubrik indicate that Rubrik intends to accelerate its expansion into this space and infringement of Actifio's intellectual property.  Actifio therefore seeks preliminary and permanent injunctive relief to stop Rubrik's improper infringement of the Asserted Patents.

## PARTIES

14.     Actifio is a Delaware corporation with a principal place of business at 333 Wyman Street, Waltham, Massachusetts 02451.

15.     Actifio is a developer of innovative data management products and services including inventions covered by the Asserted Patents.

16.     On information and belief, Defendant Rubrik, Inc. is a Delaware corporation with a principal place of business at 1001 Page Mill Road, Building 2, Palo Alto, California 94304. Rubrik can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

17.     Upon information and belief, Rubrik makes, uses, sells, offers for sale, and/or imports into the United States certain software and hardware products, including for example its CDM software and network appliances that implement this software (*e.g.*, Rubrik's "Brik" appliances) (collectively the "Accused Products") that infringe at least one claim of the Asserted Patents.

## JURISDICTION AND VENUE

18.     This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Rubrik's unauthorized making, using, offering for sale, and/or selling the Accused Products.

19.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35 United States Code, including 35 U.S.C. §§ 1 *et seq.*

20.     This Court has personal jurisdiction over Rubrik because, on information and belief, Rubrik is a corporation organized and existing under the laws of the State of Delaware and thus has sufficient minimum contacts with this forum.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b), because on information and belief, Rubrik is a corporation organized and existing under the laws of the State of Delaware and thus resides in this district.

## THE PATENTS-IN-SUIT

### A.     U.S. Patent No. 6,732,244

22.     Actifio is the sole and exclusive owner, by assignment, of all right, title, and interest in U.S. Patent 6,732,244, entitled "Instant Virtual Copy Technique with Expedited Creation of Backup Dataset Inventory from Source Dataset Inventory."  The '244 patent was duly and legally issued by the U.S. Patent and Trademark Office on May 4, 2004.  The named inventors of the '244 patent are Lyn Lequam Ashton, Anthony Steve Pearson, Anand Rao Savur, and John Glenn Thompson.  A copy of the '244 patent is attached as Exhibit 1.

23.     Prior to the '244 patent, prior art systems suffered significant drawbacks, especially with respect to large backup volumes, which "can involve tens of thousands of files."  '244 patent at 1:66-2:16.  Although the prior art techniques allowed for an "instant virtual copy" of that data— *i.e.*, "creat[ing] a virtual target volume identical to the source volume"—they did not allow for quick retrieval of an individual dataset (or individual file) within the backed up volume of data. *Id*. at 2:1-4.  If a user needed to retrieve an individual dataset within the backed up data, the "usual procedure [was] to identify the source dataset on a source volume and then utilize other directories to identify the backup volume counterpart to that source volume."  *Id*. at 2:5-8.  Another way was to have "an independent background process review[] the contents of the backup volumes and

create[] an appropriate backup dataset inventory." *Id.* at 2:10-12.  But these methods were flawed, because they were "consumptive of time and processing resources." *Id*. at 2:12-14.

24.     The '244 patent discloses and claims a specific and inventive technical solution that overcomes this particular technological problem in the realm of computer-based backup data storage systems.  The invention "quickly creates an accurate backup dataset inventory" in a specific and inventive technological way:  the invention suspends write operations to the body of data to be copied, makes an instant virtual copy of the data, and captures contents of a "source dataset inventory cross-referencing datasets in the source data and locations where those datasets are stored." *Id.* at 2:26-30; claim 1.  Then, the invention "incorporates the captured source dataset inventory into a backup dataset inventory cross-referencing the names of datasets in the backup copy and their locations in the backup copy." *Id*. at 2:36-41; Claim 1.  By using "metadata constructs" (*e.g.*, the "source dataset inventory" and "backup dataset inventory"), the invention "eases and speeds the process of locating a particular backup dataset because the backup datasets are inventoried." *Id*. at 3:12-14.  For example, when a user requests access to a backup dataset X, the invention first consults the "backup dataset inventory to locate the dataset X, and once located, access[es] the volume [] containing that dataset." *Id*. at 9:2-7.

25.     Claim 1 of the '244 patent includes limitations that, alone or in combination, are directed to inventive concepts that were unconventional and not well-known or routine at the time of the inventions.  For example, claim 1 recites "capturing contents of a source dataset inventory cross-referencing datasets in the source data and locations in the body of source data where the datasets are stored" and "adding the captured contents to a backup dataset inventory cross-referencing datasets in the backup copy and locations in the backup copy where the backup copy datasets are stored." '244 patent at Claim 1.  Additional claims require limitations that, alone or

in combination, are directed to inventive concepts that also were unconventional and not well-known or routine, such as "accessing the backup dataset inventory to locate a specified dataset in the backup copy" that allows for quick retrieval of an individual dataset. *Id.* at Claim 7. Unlike the prior art, which failed to provide these features, the '244 patent advantageously "creates an accurate backup dataset inventory" that decreases processing time. *Id.* at 2:12-32.

26.     By providing for faster retrieval times of any individual dataset within a body of source data backed up, the inventions disclosed in and claimed by the '244 patent are directed to an improvement to computer functionality because the improvement claimed by the '244 patent increases efficiency and computer functionality over the prior art systems, and known data management systems did not achieve this efficiency and computer functionality in this manner.

   **B.     U.S. Patent No. 6,959,369**

27.     Actifio is the sole and exclusive owner, by assignment, of all right, title, and interest in U.S. Patent No. 6,959,369, entitled "Method, System, and Program for Data Backup." The '369 Patent was duly and legally issued by the U.S. Patent and Trademark Office on October 25, 2005. The named inventors of the '369 patent are Lyn Lequam Ashton, Anthony Steve Pearson, Anand Rao Savur, and John Glenn Thompson. A copy of the '369 patent is attached as Exhibit 2. The '369 patent is related to the '244 patent, shares the same inventors of the '244 patent, and incorporates the '244 patent by reference. '369 patent at 1:7-13.

28.     Prior art techniques for generating backup data entailed the creation of "point-in-time copies" or "snapshots"—which are instant virtual copies—of an entire volume of data. *See* '369 patent at 1:43-57; 2:4-14. But these prior art instant virtual copies "can involve tens of thousands of files." *Id*. at 2:4-5. Recovering individual files within this large volume of data was "consumptive of time and processing resources." *Id*. at 3:8-10; '244 patent at 1:66-2:16.

29.     The '369 patent discloses and claims a specific and inventive technical solution that overcomes this particular technological problem in the realm of backup data storage systems. When a body of source data is to be backed up, the invention creates a "backup dataset inventory," that "includes a backup dataset identifier and an originating source volume," and a "storage media inventory" that includes the "originating source volume identifier and a storage media identifier for each dataset of the source data." '369 patent at 3:16-24, Claim 1.  These dataset inventories allow the invention to restore individual datasets quickly, without having to retrieve entire volumes of data (which would cost time and storage inefficiencies), or to individually backup each individual dataset in the first place. *Id.* at 3:40-45.  For example, if one needs to restore a specific dataset, *e.g.*, dataset X, the '369 patent discloses the inventive use of a "backup dataset inventory to identify a source volume from which the requested backup dataset originated." *Id.* at 10:57-60. This "storage media inventory" is in turn used "to identify the storage media on which the source volume [] is stored," and "recover[] the requested backup dataset from [the] storage media." *Id.* at 10:63-67; Claim 1.

30.     Claim 1 of the '369 patent includes limitations that, alone or in combination, are directed to inventive concepts that were unconventional and not well-known or routine at the time of the inventions.  For example, claim 1 recites "creating a backup dataset inventory when creating the backup copy, wherein the backup dataset inventory comprises a backup dataset identifier and an originating source volume identifier for each dataset of the source data" and "creating a storage media inventory when copying the backup copy to the storage medium, wherein the storage media inventory comprises the originating source volume identifier and a storage media identifier for each dataset of the source data." '369 patent at Claim 1.  Additional claims require limitations that, alone or in combination, are directed to inventive concepts that also were unconventional and

not well-known or routine, such as "using the backup dataset inventory to identify an originating source volume" and "using the storage media inventory to identify the storage medium on which the originating source volume resides" in the process of recovering the dataset from the storage medium (claim 5) and "copying the dataset from the storage medium to a source volume" (claim 6).  Unlike the prior art, which failed to provide these features in data backup, the '369 patent advantageously provides an efficient backup of data and data recovery.  *Id.* at 3:3-10.

31.     By "provid[ing] a technique to efficiently recover" specific datasets without having to recover an entire volume or an entire application (*e.g.*, an entire database), the inventions disclosed in and claimed by the '369 patent are directed to an improvement to computer functionality because the improvement claimed by the '369 patent increases efficiency and computer functionality over the prior art systems, and known data management systems did not achieve this efficiency and computer functionality in this manner.  '369 patent at 12:5-9.

**C.     U.S. Patent No. 9,495,435**

32.     Actifio is the sole and exclusive owner, by assignment, of all right, title, and interest in U.S. Patent No. 9,495,435, entitled "System and Method for Intelligent Database Backup."  The '435 patent was duly and legally issued by U.S. Patent and Trademark Office on November 15, 2016.  The named inventors of the '435 patent are Xiangdong Zhang, Madhav Mutalik, and Sachindra Kumar.  A copy of the '435 patent is attached as Exhibit 3.

33.     Business are often required to making multiple copies of backup data.  '435 patent at 1:46-53.  Making regular backups of data guards against multiple potential failures, such as corruption, hardware, or software failure.  *Id*. at 1:55-58.  Prior to the '435 patent, "efficiently and incrementally" . . . captur[ing] and protect[ing] data that resided on out-of-band drives," including data hosted on remote databases, was problematic as these drives cannot be accessed directly through an organizations network.  *Id.* at 40:19-41.

34.     The '435 patent discloses and claims a specific and inventive technical way to more efficiently backup databases, including remote databases, through the use of a "remote host."  *Id.* at 2:24-27, claim 1.  In particular, when a backup of a database is to be created, a backup request is transmitted to the remote host, and a "staging disk" is used by the remote host to perform a full backup of the volume of database storage, resulting in a first "point-in-time image" of the staging disk using a database backup tool provided by a database vendor (such as Oracle RMAN for Oracle databases).  Then, a second backup request is transmitted to the remote host, which uses the database backup tool to perform an incremental backup of the volume (*e.g.*, backup only the changes made since the original backup) to the staging disk, generating a second point-in-time image of the staging disk for the second time.  *Id.* at claim 1.  These point-in-time copies of the databases are snapshots, which are "virtual full backups of the database under protection and have all of the characteristics of in-band backups."  *Id.* at 48:31-33.  The inventions disclosed and claimed by the '435 patent thus creates intelligent database backups that can be used for multiple purposes, such as to safeguard against corruption or human error, to facilitate the development and testing of new applications based on the same database, or to comply with legal policies.  *See id.* at 1:55-2:2; 2:24-26.

35.     Claim 1 of the '435 patent includes limitations that, alone or in combination, are directed to inventive concepts that were unconventional and not well-known or routine at the time of the inventions.  For example, claim 1 recites "transmitting, by the computing device, a first backup request at a first time to the remote host comprising data indicative of a volume on the database storage to back up according to the protection policy"; "presenting, by the computing device, a staging disk to the remote host so that the remote host can perform a full backup of the volume to the staging disk using a database backup tool provided by a vendor of the database

storage in response to the first backup request"; and "generating, by the computing device, a first point-in-time image of the staging disk for the first time, wherein the first point-in-time image preserves the database structure such that the first point-in-time image can be loaded as an operational database." '435 patent at claim 1.  Unlike the prior art, in which "captur[ing] and protect[ing] data that resided on out-of-band drives" was problematic, the '435 patent allows one to easily capture incremental copies of remote databases using "smaller storage space, more effective deduplication, and more efficient data management." *Id.* at 40:42-52.

36.    By providing the means to "efficiently and incrementally . . . capture and protect data that reside[s] on out-of-band drives," the inventions disclosed in and claimed by the '435 patent are directed to an improvement to computer functionality because the improvement claimed by the '435 patent increases efficiency and computer functionality over the prior art systems, and known data management systems did not achieve this efficiency and computer functionality in this manner.  '435 patent at 44:22-24.

### D.    U.S. Patent No. 10,013,313

37.    Actifio is the sole and exclusive owner, by assignment, of all right, title, and interest in U.S. Patent No. 10,013,313, entitled "Integrated Database and Log Backup."  The '313 patent was duly and legally issued by the U.S. Patent and Trademark Office on July 3, 2018.  The named inventors of the '313 patent are Xiangdong Zhang, Uday Tekade, Sachindra Kumar, and Madhav Mutalik.  A copy of the '313 patent is attached as Exhibit 4.

38.    Database backups involve making (1) point in time copies of the database and (2) its associated logs.  Using prior art techniques, a single scheduled policy could backup both (backup database and the logs), or a separate schedule policy could backup both at different times.  Both techniques had problems.  A "single schedule protection scheme is not able to achieve a desired recovery point objective (RPO)."  '313 patent at 1:29-34.  That is, one could not recover

11

the database up to any point in time, as there would inevitably be gaps between each point in time copy. A separate schedule protection scheme "results in two individual streams between database backup and log backup without apparent relationships, making it harder when it comes to restoring data." *Id.* at 1:34-38.

39.     The '313 patent discloses and claims a specific and inventive technical solution that overcomes these particular technological problems. In contrast to the prior art, the invention of the '313 patent, protects "databases and logs" with "different backup schedule[s]" to achieve a desired recovery point objective. *Id.* at 5:36-38. This is achieved through the use of a "host agent" that runs on a database server. *Id.* at Claim 1. The '313 patent also discloses assigning unique "identifiers" to a database backup and maintaining a "dependency relationship" between the database backups and log backups. *Id.* at 2:1-6; Claim 1. The inventions disclosed and claimed by the '313 patent thus allow for the recovery of point-in-time backup copies of a database, including both the database itself and its associated logs.

40.     Claim 1 of the '313 patent includes limitations that, alone or in combination, are directed to inventive concepts that were unconventional and not well-known or routine at the time of the inventions. For example, claim 1 recites "determin[ing] the backup type, the backup type including at least one of a database backup type, a log backup type, and a composite database backup and log backup type"; "transmit[ing] a database backup type instruction at a first time, to a host agent running on a database server, to create a first database backup"; "assign[ing] a first identifier to the first database backup, the first identifier including a first composite backup identifier indicative of a first set of log backups that share a first dependency relationship with the first database backup"; "transmit[ing] a log backup type instruction at a second time, to the host agent running on the database server, to create a first log backup"; "assign[ing] the first identifier

12

to the first log backup when the first time comprises a most recent prior database backup time to the second time"; "assign[ing] a second identifier to the first log backup when a most recent prior database backup time to the second time is associated with a second database backup, the second identifier including a second composite backup identifier indicative of a second set of log backups that share a second dependency relationship with the second database backup, the second set of log backups including the first log backup"; "transmit[ing] a composite database and log backup type instruction at a third time, to the host agent running on the database server, to create a composite database and log backup including a third database backup and a second log backup"; and "assign[ing] a third identifier to the composite database and log backup, the third identifier including a third composite backup identifier indicative of a third set of log backups that share a third dependency relationship with the third database backup, the third set of log backups including the second log backup; thereby performing data backup of databases and associated logs with one schedule such that a full backup of both a database and its associated log can be retrieved for a desired point in time." '313 patent at Claim 1.  Additional claims require limitations that, alone or in combination, are directed to inventive concepts that were also unconventional and not well-known or routine, such as "restor[ing] and recovery of the database associated with the application."  Unlike the prior art, which failed to provide these features in database backup and recovery, the '313 patent advantageously provides for the efficient recovery of point-in-time backup copies of a database, including both the database and the database's associated logs.  '313 patent at 5:42-44.

41.     By providing a technique to efficiently recover point-in-time backup copies of a database by "maintain[ing] the relationships between data backups and its dependent log backups" the inventions disclosed in and claimed by the '313 patent are directed to an improvement to

computer functionality because the improvement claimed by the '313 patent increases efficiency and computer functionality over the prior art systems, and known data management systems did not achieve this efficiency and computer functionality in this manner.  '313 patent at 5:36-44.

## COUNT I – RUBRIK INFRINGES THE '244 PATENT

42.     Actifio hereby incorporates the allegations of Paragraphs 1-41.

43.     Rubrik has infringed and continues to directly infringe one or more claims of the '244 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, the Accused Products in violation of 35 U.S.C. § 271(a).

44.     Rubrik has induced and continues to induce infringement of one or more claims of the '244 patent by encouraging customers to use the Accused Products in a manner that directly infringes those claims.  Despite its knowledge of the existence of the '244 patent, since at least the filing of this Complaint, Rubrik, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the Accused Products in a manner that infringes one or more claims of the '244 patent.  Upon information and belief, Rubrik specifically intends that its customers use the Accused Products in a manner that infringes one or more claims of the '244 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the Accused Products in an infringing manner, in violation of 35 U.S.C. § 271(b).

45.     Rubrik has contributed and continues to contribute to the infringement of one or more claims of the '244 patent.  Upon information and belief, Rubrik knows that the Accused Products are especially made and/or adapted for users to infringe one or more claims of the '244 patent and are not staple articles or commodities of commerce suitable for substantial non-

infringing use.  Rubrik's manufacture and sale of the Accused Products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

46.     Attached as Exhibit 5 is a claim chart that provides examples of Rubrik's infringement of one or more claims of the '244 patent in violation of 35 U.S.C. §§ 271(a), (b), and (c).

47.     By at least the filing of the complaint, Actifio has disclosed to Rubrik the existence of the '244 patent and identified at least some of Rubrik's and/or others' activities that infringe at least one or more claims of the '244 patent.  Based on this disclosure, Rubrik has knowledge of the '244 patent and its activities infringing, inducing infringement of, or contributing to the infringement of the '244 patent.

48.     By continuing to infringe at least one or more claims of the '244 patent, by at least the time of this complaint, despite having knowledge of the '244 patent and having knowledge of its activities that infringe, induce the infringement of, or contribute to the infringement of one or more claims of the '244 patent, Rubrik's continued infringement is willful.

49.     Actifio is entitled to recover from Rubrik the damages sustained as a result of Rubrik's infringement of one or more claims of the '244 patent in an amount not yet determined. Because Rubrik's continued infringement is willful, Actifio is entitled to recover up to three times the amount of damages assessed in this case for Rubrik's infringement of one or more claims of the '244 patent.  In addition, Rubrik's infringement of one or more claims of the '244 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – RUBRIK INFRINGES THE '369 PATENT

50.     Actifio hereby incorporates the allegations of Paragraphs 1-49.

51.     Rubrik has infringed and continues to directly infringe one or more claims of the '369 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, the Accused Products in violation of 35 U.S.C. § 271(a).

52.     Rubrik has induced and continues to induce infringement of one or more claims of the '369 patent by encouraging customers to use the Accused Products in a manner that directly infringes those claims.  Despite its knowledge of the existence of the '369 patent, since at least the filing of this Complaint, Rubrik, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the Accused Products in a manner that infringes one or more claims of the '369 patent.  Upon information and belief, Rubrik specifically intends that its customers use the Accused Products in a manner that infringes one or more claims of the '369 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the Accused Products in an infringing manner, in violation of 35 U.S.C. § 271(b).

53.     Rubrik has contributed and continues to contribute to the infringement of one or more claims of the '369 patent.  Upon information and belief, Rubrik knows that the Accused Products are especially made and/or adapted for users to infringe one or more claims of the '369 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Rubrik's manufacture and sale of the Accused Products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

54.     Attached as Exhibit 6 is a claim chart that provides examples of Rubrik's infringement of one or more claims of the '369 patent in violation of 35 U.S.C. §§ 271(a), (b), and (c)

55.     By at least the filing of the complaint, Actifio has disclosed to Rubrik the existence of the '369 patent and identified at least some of Rubrik's and/or others' activities that infringe at least one or more claims of the '369 patent.  Based on this disclosure, Rubrik has knowledge of the '369 patent and its activities infringing, inducing infringement of, or contributing to the infringement of the '369 patent.

56.     By continuing to infringe at least one or more claims of the '369 patent, by at least the time of this complaint, despite having knowledge of the '369 patent and having knowledge of its activities that infringe, induce the infringement of, or contribute to the infringement of one or more claims of the '369 patent, Rubrik's continued infringement is willful.

57.     Actifio is entitled to recover from Rubrik the damages sustained as a result of Rubrik's infringement of one or more claims of the '369 patent in an amount not yet determined. Because Rubrik's continued infringement is willful, Actifio is entitled to recover up to three times the amount of damages assessed in this case for Rubrik's infringement of one or more claims of the '369 patent.  In addition, Rubrik's infringement of one or more claims of the '369 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT III – RUBRIK INFRINGES THE '435 PATENT

58.     Actifio hereby incorporates the allegations of Paragraphs 1-57.

59.     Rubrik has infringed and continues to directly infringe one or more claims of the '435 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, the Accused Products in violation of 35 U.S.C. § 271(a).

60.     Rubrik has induced and continues to induce infringement of one or more claims of the '435 patent by encouraging customers to use the Accused Products in a manner that directly

infringes those claims.  Despite its knowledge of the existence of the '435 patent, since at least the filing of this Complaint, Rubrik, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the Accused Products in a manner that infringes one or more claims of the '435 patent.  Upon information and belief, Rubrik specifically intends that its customers use the Accused Products in a manner that infringes one or more claims of the '435 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the Accused Products in an infringing manner, in violation of 35 U.S.C. § 271(b).

61.     Rubrik has contributed and continues to contribute to the infringement of one or more claims of the '435 patent.  Upon information and belief, Rubrik knows that the Accused Products are especially made and/or adapted for users to infringe one or more claims of the '435 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.  Rubrik's manufacture and sale of the Accused Products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

62.     Attached as Exhibit 7 is a claim chart that provides examples of Rubrik's infringement of one or more claims of the '435 Patent in violation of 35 U.S.C. §§ 271(a), (b), and (c).

63.     By at least the filing of the complaint, Actifio has disclosed to Rubrik the existence of the '435 patent and identified at least some of Rubrik's and/or others' activities that infringe at least one or more claims of the '435 patent.  Based on this disclosure, Rubrik has knowledge of the '435 patent and its activities infringing, inducing infringement of, or contributing to the infringement of the '435 patent.

64.     By continuing to infringe at least one or more claims of the '435 patent, by at least the time of this complaint, despite having knowledge of the '435 patent and having knowledge of its activities that infringe, induce the infringement of, or contribute to the infringement of one or more claims of the '435 patent, Rubrik's continued infringement is willful.

65.     Actifio is entitled to recover from Rubrik the damages sustained as a result of Rubrik's infringement of one or more claims of the '435 patent in an amount not yet determined. Because Rubrik's continued infringement is willful, Actifio is entitled to recover up to three times the amount of damages assessed in this case for Rubrik's infringement of one or more claims of the '435 patent.  In addition, Rubrik's infringement of one or more claims of the '435 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

### COUNT IV – RUBRIK INFRINGES THE '313 PATENT

66.     Actifio hereby incorporates the allegations of Paragraphs 1-65.

67.     Rubrik has infringed and continues to directly infringe one or more claims of the '313 patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, the Accused Products in violation of 35 U.S.C. § 271(a).

68.     Rubrik has induced and continues to induce infringement of one or more claims of the '313 patent by encouraging customers to use the Accused Products in a manner that directly infringes those claims.  Despite its knowledge of the existence of the '313 patent, since at least the filing of this Complaint, Rubrik, upon information and belief, continues to encourage, instruct, enable, and otherwise cause its customers to use the Accused Products in a manner that infringes one or more claims of the '313 patent.  Upon information and belief, Rubrik specifically intends that its customers use the Accused Products in a manner that infringes one or more claims of the

19

'313 patent by, at minimum, providing instructions and/or support documentation directing customers on how to use the Accused Products in an infringing manner, in violation of 35 U.S.C. § 271(b).

69.     Rubrik has contributed and continues to contribute to the infringement of one or more claims of the '313 patent.  Upon information and belief, Rubrik knows that the Accused Products are especially made and/or adapted for users to infringe one or more claims of the '313 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. Rubrik's manufacture and sale of the Accused Products constitutes contributory infringement in violation of 35 U.S.C. § 271(c).

70.     Attached as Exhibit 8 is a claim chart that provides examples of Rubrik's infringement of one or more claims of the '313 Patent in violation of 35 U.S.C. §§ 271(a), (b), and (c).

71.     By at least the filing of the complaint, Actifio has disclosed to Rubrik the existence of the '313 patent and identified at least some of Rubrik's and/or others' activities that infringe at least one or more claims of the '313 patent.  Based on this disclosure, Rubrik has knowledge of the '313 patent and its activities infringing, inducing infringement of, or contributing to the infringement of the '313 patent.

72.     By continuing to infringe at least one or more claims of the '313 patent, by at least the time of this complaint, despite having knowledge of the '313 patent and having knowledge of its activities that infringe, induce the infringement of, or contribute to the infringement of one or more claims of the '313 patent, Rubrik's continued infringement is willful.

73.     Actifio is entitled to recover from Rubrik the damages sustained as a result of Rubrik's infringement of one or more claims of the '313 patent in an amount not yet determined.

Because Rubrik's continued infringement is willful, Actifio is entitled to recover up to three times the amount of damages assessed in this case for Rubrik's infringement of one or more claims of the '313 patent.  In addition, Rubrik's infringement of one or more claims of the '313 patent will continue to damage Actifio, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

74.     In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Actifio respectfully requests that the Court enter judgement as follows and against Rubrik, granting the following:

A.    Judgment that Rubrik has infringed one or more claims of each of the Patents-in-Suit;

B.    Judgment that Rubrik has induced others to infringe one or more claims of each the Patents-in-Suit;

C.    Judgment that Rubrik has contributed to infringement by others of one or more claims of each of the Patents-in-Suit;

D.    An award of damages adequate to compensate Actifio for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including prejudgment and post-judgment interest;

E.    An accounting and/or supplemental damages for all damages occurring after any discovery cutoff and up to the time that the Court decides Actifio's entitlement to a permanent injunction;

F.     Judgment that Rubrik's continued direct and indirect infringement of the Asserted Patents has been willful;

G.     An award of treble damages for willful infringement pursuant to 35 U.S.C. § 284;

H.     An Order finding that Rubrik's actions make this case exceptional under 35 U.S.C. § 285 and awarding Actifio its reasonable attorneys' fees, including prejudgment interest on such fees;

I.     An order preliminarily and permanently enjoining Rubrik, its officers, agents, servants, employees, and attorneys, and all those persons acting in concert or participation with them from further acts of infringement of the Patents-in-Suit;

J.     An award of costs and expenses in this action; and

K.     An award to Actifio of such further relief as this Court deems just and proper.

L.     That Rubrik and any of its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for any of them and/or on any of their behalf, or acting in concert with any of them directly or indirectly, be permanently enjoined from infringing of inducing others to infringe the Patents-in-Suit;

M.     An award of damages sufficient to compensate Actifio for Rubrik's willful infringement under 35 U.S.C. § 284;

N.     Costs and expenses in this action;

O.     An award of prejudgment and post-judgment interest; and

P.     Such other and further relief as the Court may deem just and equitable.

Dated:  June 29, 2020                                RICHARDS, LAYTON & FINGER

                                                     */s/ Kelly E. Farnan*
                                                     Kelly E. Farnan (#4395)
                                                     farnan@rlf.com
                                                     One Rodney Square
                                                     920 North King Street
                                                     Wilmington, Delaware 19801
                                                     Tel: (302) 651-7705

                                                     OF COUNSEL:

                                                     LATHAM & WATKINS, LLP
                                                     Maximilian A. Grant (*pro hac vice*)
                                                     max.grant@lw.com
                                                     Tiffany Weston (*pro hac vice*)
                                                     tiffany.weston@lw.com
                                                     555 Eleventh Street, N.W., Ste. 1000
                                                     Washington, DC 20004
                                                     Tel: (202) 637-2200

                                                     S. Giri Pathmanaban (*pro hac vice*)
                                                     giri.pathmanaban@lw.com
                                                     140 Scott Drive
                                                     Menlo Park, CA 95025
                                                     Tel:  (650) 328-4600

                                                     Marc Zubick (*pro hac vice*)
                                                     marc.zubick@lw.com
                                                     330 North Wabash Avenue, Suite 2800
                                                     Chicago, IL 60611
                                                     Tel: (312) 876-7606

                                                     Nathanial McPherson (*pro hac vice*)
                                                     nathanial.mcpherson@lw.com
                                                     200 Clarendon Street
                                                     Boston, MA 02116
                                                     Tel:  (617) 880-4572

                                                     *Counsel for Plaintiff Actifio, Inc.*